SOBRINOS DE VILLAMIL, APPELLANT, *v.* REGISTRAR OF SAN JUAN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record an Attachment.

No. 573.—Decided November 26, 1923.

RECORD OF TITLE—CAUTIONARY NOTICE—ATTACHMENT.—Subdivision 2 of article
92 of the Regulations for the Execution of the Mortgage Law is in force
and gives a plaintiff the right to record his attachment in the registry of
property although the attached property may not be recorded. A mere cau-
tionary notice for 120 days would not sufficiently protect the rights of the
creditor.

The facts are stated in the opinion.
*Mr. H. Torres Solá* for the appellant.
The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Sobrinos de Villamil began suit in the Municipal Court
of Río Piedras against Ramón Vázquez. The complainants
obtained an order of attachment against the debtor. On the
15th day of June, 1923, the marshal, it would seem, carried
into effect the order and attached a piece of property in Río
Piedras. Then the marshal delivered an order to the regis-
trar of property to record the said attachment. This the
registrar refused to do in a note which reads as follows:

"Record of the attachment referred to in this document is denied
because the property attached is not recorded in favor of the debtor
or of any other person, and in lieu thereof a cautionary notice is
entered for the legal period at folio 143, Vol. 59 of Río Piedras,
property No. 2552, letter A, in accordance with article 20 of the

Mortgage Law and the decision of the Supreme Court of Porto Rico, Vol. 1, page 314, and other subsequent and similar decisions."

Section 9 of the Attachments Act, Compilation of 1911, p. 850, provides as follows:

"The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, and warning him that he cannot alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The alienation of any property in contravention of the provisions of this section, shall be deemed fraudulent for all civil and penal purposes, and the persons guilty of such offense shall also be punished for contempt of court."

The appellant maintains that the law is imperative and makes it necessary for a record whether or not the attached property is recorded and the registrar insists an attachment can only be recorded if the property has previously been recorded in accordance with section 20 of the Mortgage Law.

To resolve this conflict the appellant quotes section 92 of the Mortgage Law Rules and the registrar answers that this section has been implicitly repealed by the prevailing system, as we no longer have the distinction that existed before 1902; that a curable defect previously did not entitle one to a record.

Section 92 of the Mortgage Law Rules, in its pertinent part, is as follows:

"A cautionary notice shall be entered of every attachment upon real property or property rights decreed in a civil or criminal action, even though the attachment be precautionary only, the following rules being observed:

    *         *         *         *         *         *         *

"Second: If the ownership of the property attached should not be a matter of record, the entry of the attachment shall be suspended, and in lieu thereof a cautionary notice of the suspension of the same shall be entered, said error being curable."

Repeals by implication are not favored. The idea of the authors of the Mortgage Law was to give an attaching creditor certain rights against the public even though the property attached was not recorded. In this regard Galindo and Escosura, *Legislación Hipotecaria,* Vol. 2, p. 444, say:

"If it should appear from the registry that the property was recorded in favor of a person distinct from the debtor, the annotation shall be denied, and if it was not recorded in favor of anyone, the annotation shall be suspended until the interested party (supposing in either case that the real owner is the debtor) obtains through legal proceedings the recording of the property in the name of the debtor, and then the annotation of the attachment is entered."

This right is not destroyed because the manner of record is changed. The principal does not follow the accessory, but the reverse is true and the attaching creditor is entitled to some sort of record. This is not accomplished by a cautionary notice for one hundred and twenty days, inasmuch as not only might any litigation extend over that time but it would be questionable whether the prohibition not to alienate would be effective without such annotation.

As this record may be made in some form the note of the registrar must be reversed and a record made.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.